# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| HANK YOUNG, | ) | |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | Case No. 4:11-cv-00354-SOW |
| | ) | |
| KANSAS CITY CHIEFS FOOTBALL CLUB, INC., | ) | |
| | ) | |
| POPULOUS, INC.; | ) | |
| | ) | |
| WORKSHOP DESIGN, L.L.C.; | ) | |
| | ) | |
| HY-VEE, INC.; | ) | |
| | ) | |
| SPRINT COMMUNICATIONS COMPANY, L.P.; | ) | |
| | ) | |
| And | ) | |
| | ) | |
| TIME WARNER ENTERTAINMENT-ADVANCE/NEWHOUSE PARTNERSHIP; TIME WARNER ENTERTAINMENT CO., L.P.; TIME WARNER NY CABLE, LLC; ADVANCE/NEWHOUSE PARTNERSHIP; NEWHOUSE CABLE HOLDINGS, LLC; ADVANCE COMMUNICATIONS CO. LLC Collectively d/b/a Time Warner Cable through its Midwest Region | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANTS KANSAS CITY
CHIEFS FOOTBALL CLUB, INC.; HY-VEE, INC.;
SPRINT COMMUNICATIONS COMPANY, L.P.;
TIME WARNER ENTERTAINMENT-ADVANCE/NEWHOUSE PARTNERSHIP;
TIME WARNER ENTERTAINMENT COMPANY, L.P.;
TIME WARNER NY CABLE, LLC;
ADVANCE/NEWHOUSE PARTNERSHIP;
NEWHOUSE CABLE HOLDINGS, LLC; AND
ADVANCE COMMUNICATIONS COMPANY LLC**

COME NOW Defendants, Kansas City Chiefs Football Club, Inc. (the "Chiefs"); Hy-Vee, Inc. ("Hy-Vee"); Sprint Communications Company, L.P. ("Sprint"); Time Warner Entertainment-Advance/Newhouse Partnership whose general partners consist of Time Warner Entertainment Company L.P., Time Warner NY Cable, LLC, and Advance/Newhouse Partnership (whose general partners are Newhouse Cable Holdings, LLC, and Advance Communications Company LLC) (collectively "Time Warner") (collectively "Defendants"), and for their Answer to Hank Young's ("Mr. Young") First Amended Complaint, state as follows:

## INTRODUCTION

1.       Answering Paragraph 1, the Chiefs admit that Mr. Young produced photographs of and about the Chiefs.  The Chiefs state that the remaining allegations are comprised of broad, subjective characterizations and opinions concerning Mr. Young's role and accomplishments during his career which are not in the nature of factual allegations.  To the extent the remaining allegations of Paragraph 1 do contain factual allegations, such allegations are denied. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 1, and therefore deny the same.

2.       Answering Paragraph 2, the Chiefs admit that Mr. Young has taken photographs of and about the Chiefs for a number of years.  While the Chiefs believe that Mr. Young was at all times an independent contractor, the Chiefs are in the process of locating historical records to determine the form of compensation to Mr. Young and other matters, and will amend this Answer if such records indicate that Mr. Young was not an independent contractor.  The Chiefs deny the remaining allegations of Paragraph 2.  Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 2, and therefore deny the same.

3.     Answering Paragraph 3, the Chiefs deny the allegations contained in Paragraph 3. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 3, and therefore deny the same.

4.     Answering Paragraph 4, the Chiefs deny the allegations contained in Paragraph 4. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 4, and therefore deny the same.

5.     Answering Paragraph 5, the Defendants admit that Mr. Young filed this action. The Chiefs deny all remaining allegations contained in Paragraph 5.  Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 5, and therefore deny the same.

## PARTIES[1]

6.     Answering Paragraph 6, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint and therefore deny the same.

7.     Answering Paragraph 7, Defendants admit the allegations in Paragraph 7.

8.     Answering Paragraph 8, Defendants admit the allegations in Paragraph 8.

9.     Answering Paragraph 9, Defendants admit the allegations in Paragraph 9.

10.     Answering Paragraph 10, Defendants admit the allegations in Paragraph 10.

11.     Answering Paragraph 11, Defendants admit that Sprint Communications Company, L.P. is a limited partnership formed and existing under the laws of the State of

---

[1] Plaintiff has included a footnote 1 in its Complaint.  Answering the footnote, Defendants incorporate each and every answer, response and affirmative defense to every paragraph incorporated by reference as set forth in such footnote.

Kansas, with a business address of 6500 Sprint Parkway, Overland Park, Kansas 66251-6117. Defendants deny all other allegations contained in Paragraph 11.

12.     Answering Paragraph 12, Defendants admit the allegations in Paragraph 12.

13.     Answering Paragraph 13, Defendants admit the allegations in Paragraph 13.

## JURISDICTION AND VENUE

14.     Answering Paragraph 14, Defendants state that the allegations contained in Paragraph 14 contain only legal conclusions to which no answer is required.  To the extent Paragraph 14 contains factual allegations, such allegations are denied.

15.     Answering Paragraph 15, Defendants state that the allegations contained in Paragraph 15 contain only legal conclusions to which no answer is required.  To the extent Paragraph 15 contains factual allegations, such allegations are denied.

16.     Answering Paragraph 16, Defendants state that the allegations contained in Paragraph 16 contain only legal conclusions to which no answer is required.  To the extent Paragraph 16 contains factual allegations, such allegations are denied.

17.     Answering Paragraph 17, Defendants state that the allegations contained in Paragraph 17 contain only legal conclusions to which no answer is required.  To the extent Paragraph 17 contains factual allegations, such allegations are denied.

## FACTUAL ALLEGATIONS

18.     Answering Paragraph 18, the Chiefs admit that Mr. Young has produced photographs of and about the Chiefs for a number of years.  The Chiefs state that the remaining allegations are comprised of broad, subjective characterizations and opinions which are not in the nature of factual allegations.  To the extent the remaining allegations of Paragraph 18 do contain factual allegations, such allegations are denied by the Chiefs.  Defendants Hy-Vee, Sprint, and

Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 18, and therefore deny the same.

19.     Answering Paragraph 19, the Chiefs admit that Mr. Young has produced photographs of and about the Chiefs for a number of years and that Mr. Young took photographs at the request of a number of representatives of the Chiefs and persons associated with or employed by the Chiefs.  The Chiefs deny all remaining allegations contained in Paragraph 19. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 19, and therefore deny the same.

20.     Answering Paragraph 20, the Chiefs admit that Mr. Young produced many photographs of players, staff, fans and cheerleaders over a number of years.  The Chiefs deny all remaining allegations contained in Paragraph 20.  Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 20, and therefore deny the same.

21.     Answering Paragraph 21, the Chiefs admit that Mr. Young's arrangement with the Chiefs was that he would take photographs of and about the Chiefs, would provide those photographs requested by the Chiefs, and that the Chiefs paid Mr. Young for such photographs. The Chiefs deny all remaining allegations contained in Paragraph 21.  Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 21, and therefore deny the same.

22.     Answering Paragraph 22, the Chiefs admit that Mr. Young produced photographs of and about the Chiefs and made creative decisions.  The Chiefs deny all remaining allegations contained in Paragraph 22.  Defendants Hy-Vee, Sprint, and Time Warner are without sufficient

information or knowledge to form a belief as to the truth of the allegations in Paragraph 22, and therefore deny the same.

23.     Answering Paragraph 23, the Chiefs admit that Mr. Young has taken photographs of and about the Chiefs for a number of years.  While the Chiefs believe that Mr. Young was at all times an independent contractor, the Chiefs are in the process of locating historical records to determine the form of compensation to Mr. Young and other matters, and will amend this Answer if such records indicate that Mr. Young was not an independent contractor.  The Chiefs deny all remaining allegations of Paragraph 23.  Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 23, and therefore deny the same.

24.     Answering Paragraph 24, the Chiefs admit that the Chiefs have always appropriately used photographs produced by Mr. Young.  The Chiefs deny all remaining allegations contained in Paragraph 24.  Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 24, and therefore deny the same.

25.     Answering Paragraph 25, the Chiefs admit that over the course of the years, Mr. Young did take and produce photographs of persons and things not directly involving the on-field action in a National League football game played by the Chiefs.  The Chiefs deny all remaining allegations contained in Paragraph 25.  Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 25, and therefore deny the same.

26.     Answering Paragraph 26, the Chiefs admit that over the course of the years it requested that Mr. Young provide various photographs and the Chiefs paid Mr. Young for such

photographs. The Chiefs deny all remaining allegations contained in Paragraph 26. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 26, and therefore deny the same.

27.     Answering Paragraph 27, the Chiefs admit that on certain occasions the Chiefs paid Mr. Young for a copy of a photograph, if it desired Mr. Young to make the copy of such photograph. The Chiefs deny all remaining allegations contained in Paragraph 27. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 27, and therefore deny the same.

28.     Answering Paragraph 28, the Chiefs deny the allegations contained in Paragraph 28. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 28, and therefore deny the same.

29.     Answering Paragraph 29, Defendants admit Arrowhead Stadium opened in 1972.

30.     Answering Paragraph 30, the Chiefs admit the allegations contained in Paragraph 30. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 30, and therefore deny the same.

31.     Answering Paragraph 31, the Chiefs admit that it entered into various agreements with the Jackson County Sports Complex Authority and Jackson County, Missouri which provided for the renovation of Arrowhead Stadium. The Chiefs deny all remaining allegations contained in Paragraph 31. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 31, and therefore deny the same.

32.     Answering Paragraph 32, the Chiefs admit that Section 4.01 of the Development Agreement provides that the Chiefs are to manage and oversee the planning, design, development, construction, completion and making operational the renovations to Arrowhead Stadium in accordance with the terms of the Development Agreement.  The Chiefs deny any allegation in Paragraph 32 to the extent it is inconsistent with the terms of the Development Agreement.  Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 32, and therefore deny the same.

33.     Answering Paragraph 33, the Chiefs admit that the Chiefs entered into a certain contract with HOK Sports, Inc., now known as Populous, Inc., to provide design services in connection with the expansion and renovation of Arrowhead Stadium.  The Chiefs deny any allegation in Paragraph 33 to the extent it is inconsistent with the terms of such contract. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 33, and therefore deny the same.

34.     Answering Paragraph 34, the Chiefs admit that it has knowledge that Workshop Design provided certain services to Ghostfire Design, Inc. ("Ghostfire").  The Chiefs and Ghostfire entered into a certain contract in connection with the Hall of Honor wherein Ghostfire was to provide certain exhibits and other items for the Hall of Honor.  The Chiefs deny all remaining allegations in Paragraph 34.  Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 34, and therefore deny the same.

35.     Answering Paragraph 35, Defendants admit there are photographs of Chiefs' players and fans at various locations within Arrowhead Stadium.  Defendants deny all remaining

allegations in Paragraph 35. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 35, and therefore deny the same.

36.     Answering Paragraph 36, the Chiefs deny the allegations contained in Paragraph 36. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 36, and therefore deny the same.

37.     Answering Paragraph 37, the Chiefs deny the allegations contained in Paragraph 37. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 37, and therefore deny the same.

38.     Answering Paragraph 38, the Chiefs deny the allegations contained in Paragraph 38. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 38, and therefore deny the same.

39.     Answering Paragraph 39, the Chiefs admit that various people requested that Mr. Young provide copies of various photographs for use in the Hall of Honor at Arrowhead Stadium, and that the Chiefs paid Mr. Young for those copies and services. The Chiefs deny all remaining allegations in Paragraph 39. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 39, and therefore deny the same.

40.     Answering Paragraph 40, the Chiefs admit that Mr. Young provided copies of certain photographs for the Hall of Honor at Arrowhead Stadium, and the Chiefs paid Mr. Young

for these copies and services. The Chiefs deny all remaining allegations in Paragraph 40. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 40, and therefore deny the same.

41.     Answering Paragraph 41, the Chiefs deny the allegations contained in Paragraph 41. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 41, and therefore deny the same.

42.     Answering Paragraph 42, the Chiefs state that Mr. Young was informed concerning the use of the Chiefs' photographs he produced in connection with the renovations, and deny all allegations that Mr. Young was not informed. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 42, and therefore deny the same.

43.     Answering Paragraph 43, the Chiefs deny all allegations that Mr. Young was not informed of the use of the Chiefs' photographs he produced, and the Chiefs deny the characterization of the use. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 43, and therefore deny the same.

44.     Answering Paragraph 44, the Chiefs deny the allegations contained in Paragraph 44. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 44, and therefore deny the same.

45.     Answering Paragraph 45, the Chiefs state that Mr. Young was informed concerning the use of the Chiefs' photographs he produced in connection with the renovations,

and deny all allegations that Mr. Young was not informed. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 45, and therefore deny the same.

46.     Answering Paragraph 46, the Chiefs deny all allegations that the Chiefs were pirating photographs or using photographs in any inappropriate manner. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 46, and therefore deny the same.

47.     Answering Paragraph 47, the Chiefs deny the allegations that the Chiefs owed Mr. Young the sums alleged or that it was pirating any photographs. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 47, and therefore deny the same.

48.     Answering Paragraph 48, the Chiefs deny all allegations referring to the "facts" or that it in any manner misled Mr. Young. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 48, and therefore deny the same.

49.     Answering Paragraph 49, the Chiefs deny the allegations contained in Paragraph 49. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 49, and therefore deny the same.

50.     Answering Paragraph 50, the Chiefs deny the allegations contained in Paragraph 50, including the allegation the Chiefs deceived Mr. Young. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 50, and therefore deny the same.

51.     Answering Paragraph 51, the Chiefs deny the allegations contained in Paragraph 51. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 51, and therefore deny the same.

52.     Answering Paragraph 52, the Chiefs deny the allegations contained in Paragraph 52. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 52, and therefore deny the same.

53.     Answering Paragraph 53, the Chiefs admit that New Arrowhead hosted a public event on or about July 23, 2010. The Chiefs deny all remaining allegations in Paragraph 53. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 53, and therefore deny the same.

54.     Answering Paragraph 54, the Chiefs deny the allegations contained in Paragraph 54. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 54, and therefore deny the same.

55.     Answering Paragraph 55, the Chiefs deny the allegations contained in Paragraph 55. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 55, and therefore deny the same.

56.     Answering Paragraph 56, the Chiefs admit that Mark Donovan had a meeting with Mr. Young. The Chiefs deny all remaining allegations in Paragraph 56. Defendants Hy-

Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 56, and therefore deny the same.

57. Answering Paragraph 57, Defendants admit that the Chiefs entered into Sponsorship Agreements with Hy-Vee, Inc., Sprint Communications Company L.P. and Time Warner Entertainment-Advance/Newhouse Partnership d/b/a Time Warner Cable. Defendants deny all remaining allegations in Paragraph 57.

58. Answering Paragraph 58, Defendants admit that the name and/or logo of sponsors are displayed throughout their respective sponsored area. Defendants deny all remaining allegations in Paragraph 58.

59. Answering Paragraph 59, the Chiefs and Sprint deny the allegations contained in Paragraph 59. Hy-Vee and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 59, and therefore deny the same.

60. Answering Paragraph 60, the Chiefs and Sprint admit that the Sprint name and logo are registered federal trademarks. The Chiefs and Sprint deny all remaining allegations contained in Paragraph 60. Hy-Vee and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 60, and therefore deny the same.

61. Answering Paragraph 61, the Chiefs and Sprint deny the allegations contained in Paragraph 61. Hy-Vee and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 61, and therefore deny the same.

62. Answering Paragraph 62, the Chiefs and Sprint are without sufficient information or knowledge to form a belief as to the vague allegation that Sprint paid Mr. Young for the use of a photograph in connection with a "Chiefs' sponsorship" and therefore deny the same. The

Chiefs and Sprint deny all remaining allegations contained in Paragraph 62. Hy-Vee and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 62, and therefore deny the same.

63.     Answering Paragraph 63, the Chiefs admit Exhibit B5 is a photograph of the gate on the east side of Arrowhead Stadium. The Chiefs believe that Mr. Young provided the photograph labeled "Offense.2004.11.line," but the Chiefs deny any implication or allegation of infringement or improper use. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 63, and therefore deny the same.

64.     Answering Paragraph 64, the Chiefs and Hy-Vee admit that Hy-Vee sponsored an area of New Arrowhead. The Chiefs and Hy-Vee deny all remaining allegations in Paragraph 64. Sprint and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 64, and therefore deny the same.

65.     Answering Paragraph 65, the Chiefs and Hy-Vee admit that Hy-Vee's name and logo are registered federal trademarks and Hy-Vee controls the manner and use of that name and logo. The Chiefs and Hy-Vee deny all remaining allegations in Paragraph 65. Sprint and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 65, and therefore deny the same.

66.     Answering Paragraph 66, the Chiefs and Hy-Vee deny the allegations contained in Paragraph 66. Sprint and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 66, and therefore deny the same.

67.     Answering Paragraph 67, the Chiefs and Hy-Vee deny the allegations contained in Paragraph 67.  Sprint and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 67, and therefore deny the same.

68.     Answering Paragraph 68, Defendants admit that the image on the right is an accurate depiction of the entrance on the northwest quadrant of Arrowhead Stadium.  The Chiefs believe that Mr. Young provided the photograph labeled "CHIEFS-group-2008_32," but the Chiefs deny any implication or allegation of infringement or improper use.  The Chiefs deny the remaining allegations contained in Paragraph 68.  Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 68, and therefore deny the same.

69.     Answering Paragraph 69, the Chiefs and Time Warner admit that Time Warner entered into a sponsorship agreement and deny all remaining allegations contained in Paragraph 69.  Sprint and Hy-Vee are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 69, and therefore deny the same.

70.     Answering Paragraph 70, the Chiefs and Time Warner admit that Time Warner and the Time Warner logo are registered federal trademarks.  The Chiefs and Time Warner deny all remaining allegations contained in Paragraph 70.  Sprint and Hy-Vee are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 70, and therefore deny the same.

71.     Answering Paragraph 71, the Chiefs and Time Warner deny the allegations contained in Paragraph 71.  Sprint and Hy-Vee are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 71, and therefore deny the same.

72.     Answering Paragraph 72, the Chiefs and Time Warner deny the allegations contained in Paragraph 72. Sprint and Hy-Vee are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 72, and therefore deny the same.

73.     Answering Paragraph 73, Defendants admit that the image on the right is an accurate depiction of a wall in the Hall of Honor. The Chiefs believe that Mr. Young provided the photograph labeled "D2-01," but the Chiefs deny any implication or allegation of infringement or improper use. The Chiefs deny all remaining allegations contained in Paragraph 73. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 73, and therefore deny the same.

74.     Answering Paragraph 74, Defendants deny the allegations contained in Paragraph 74.

75.     Answering Paragraph 75, Defendants state that the allegations contained in Paragraph 75 contain only legal conclusions, to which no answer is required. To the extent Paragraph 75 contains factual allegations, such allegations are denied.

76.     Answering Paragraph 76, Defendants state that the allegations contained in Paragraph 76 contain only legal conclusions, to which no answer is required. To the extent Paragraph 76 contains factual allegations, such allegations are denied.

77.     Answering Paragraph 77, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 77, and therefore deny the same.

78.     Answering Paragraph 78, Defendants admit that Mr. Young has attached copies of certain documents purported to be certificates of registration, and Defendants are without

sufficient information or knowledge to form a belief as to the authenticity or validity of such certificates.  Defendants deny all remaining allegations of Paragraph 78, including allegations of infringement or improper use.

79.     Answering Paragraph 79, the Chiefs deny the allegations contained in Paragraph 79.  Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 79, and therefore deny the same.

80.     Answering Paragraph 80, the Chiefs deny the allegations contained in Paragraph 80.  Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 80, and therefore deny the same.

81.     Answering Paragraph 81, Defendants state that the allegations are comprised of broad, subjective characterizations and opinions which are not in the nature of factual allegations.  To the extent Paragraph 81 contains factual allegations, such allegations are denied.

82.     Answering Paragraph 82, the Chiefs admit that the pictures labeled "Thomas & Group Concourse 1st Level," "Tailgating HyVee Entrance," and "Spani Concession 1st Level" are accurate depictions of areas in Arrowhead Stadium.  The Chiefs believe that Mr. Young provided the photographs labeled "D-79g," "Tailgating2-73-pf3," and "Spani,Gari2-86-nl," but the Chiefs deny any implication or allegation of infringement or improper use.  Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 82, and therefore deny the same.

## COUNT 1
**Direct Copyright Infringement by the Chiefs, Populous and Workshop Design**

83. Answering Paragraph 83, the Chiefs deny the allegations contained in Paragraph 83. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 83, and therefore deny the same.

84. Answering Paragraph 84, the Chiefs deny the allegations contained in Paragraph 84. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 84, and therefore deny the same.

85. Answering Paragraph 85, the Chiefs deny the allegations contained in Paragraph 85. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 85, and therefore deny the same.

86. Answering Paragraph 86, the Chiefs deny the allegations contained in Paragraph 86. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 86, and therefore deny the same.

87. Answering Paragraph 87, the Chiefs deny the allegations contained in Paragraph 87. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 87, and therefore deny the same.

88. Answering Paragraph 88, the Chiefs deny the allegations contained in Paragraph 88. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or

knowledge to form a belief as to the truth of the allegations in Paragraph 88, and therefore deny the same.

**WHEREFORE**, Defendants pray that Count I of Plaintiff's First Amended Complaint be dismissed; or alternatively, that judgment be entered in favor of Defendants and against Plaintiff on Count I of the First Amended Complaint, that Defendants be awarded their costs and expenses incurred herein, including their attorneys' fees, and that the Court award Defendants such other and further relief as the Court deems just and proper.

## COUNT II
### Vicarious Liability for Copyright Infringement by All Defendants

89.     Answering Paragraph 89, Defendants admit that the Chiefs have the right to direct and approve of public displays in Arrowhead Stadium.  Defendants deny all remaining allegations in Paragraph 89.

90.     Answering Paragraph 90, the Chiefs deny the allegations contained in Paragraph 90.  Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 90, and therefore deny the same.

91.     Answering Paragraph 91, the Chiefs deny the allegations contained in Paragraph 91.  Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 91, and therefore deny the same.

92.     Answering Paragraph 92, the Chiefs deny the allegations contained in Paragraph 92.  Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 92, and therefore deny the same.

93.     Answering Paragraph 93, the Chiefs and Sprint deny the allegations contained in Paragraph 93. Time Warner and Hy-Vee are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 93, and therefore deny the same.

94.     Answering Paragraph 94, the Chiefs and Hy-Vee deny the allegations contained in Paragraph 94. Sprint and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 94, and therefore deny the same.

95.     Answering Paragraph 95, the Chiefs and Time Warner deny the allegations contained in Paragraph 95. Sprint and Hy-Vee are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 95, and therefore deny the same.

**WHEREFORE**, Defendants pray that Count II of Plaintiff's First Amended Complaint be dismissed; or alternatively, that judgment be entered in favor of Defendants and against Plaintiff on Count II of the First Amended Complaint, that Defendants be awarded their costs and expenses incurred herein, including their attorneys' fees, and that the Court award Defendants such other and further relief as the Court deems just and proper.

## COUNT III
### Fraud/ Fraud in the Inducement by the Kansas City Chiefs

96.     Answering Paragraph 96, the Chiefs deny the allegations contained in Paragraph 96. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 96, and therefore deny the same.

97.     Answering Paragraph 97, the Chiefs deny the allegations contained in Paragraph 97. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 97, and therefore deny the same.

98.     Answering Paragraph 98, Defendants incorporate their answers to Paragraphs 24 through 49 as though fully set forth herein.  The Chiefs deny all remaining allegations in Paragraph 98.  Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 98, and therefore deny the same.

99.     Answering Paragraph 99, the Chiefs deny the allegations contained Paragraph 99. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 99, and therefore deny the same.

100.    Answering Paragraph 100, the Chiefs deny that there were any misrepresentations, omissions or partial disclosures.  Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 100, and therefore deny the same.

101.    Answering Paragraph 101, the Chiefs deny the allegations contained in Paragraph 101.  Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 101, and therefore deny the same.

**WHEREFORE**, Defendants pray that Count III of Plaintiff's First Amended Complaint be dismissed; or alternatively, that judgment be entered in favor of Defendants and against Plaintiff on Count III of the First Amended Complaint, that Defendants be awarded their costs and expenses incurred herein, including their attorneys' fees, and that the Court award Defendants such other and further relief as the Court deems just and proper.

## COUNT IV
### Negligent Misrepresentations by the Chiefs

102.     Answering Paragraph 102, the Chiefs deny the allegations contained in Paragraph 102. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 102, and therefore deny the same.

103.     Answering Paragraph 103, the Chiefs deny the allegations contained in Paragraph 103. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 103, and therefore deny the same.

**WHEREFORE**, Defendants pray that Count IV of Plaintiff's First Amended Complaint be dismissed; or alternatively, that judgment be entered in favor of Defendants and against Plaintiff on Count IV of the First Amended Complaint, that Defendants be awarded their costs and expenses incurred herein, including their attorneys' fees, and that the Court award Defendants such other and further relief as the Court deems just and proper.

## COUNT V
### Breach of Contract by the Kansas City Chiefs

104.     Answering Paragraph 104, the Chiefs deny the allegations contained in Paragraph 104. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 104, and therefore deny the same.

105.     Answering Paragraph 105, the Chiefs deny the allegations contained in Paragraph 105. Defendants Hy-Vee, Sprint, and Time Warner are without sufficient information or

knowledge to form a belief as to the truth of the allegations in Paragraph 105, and therefore deny the same.

   **WHEREFORE**, Defendants pray that Count V of Plaintiff's First Amended Complaint be dismissed; or alternatively, that judgment be entered in favor of Defendants and against Plaintiff on Count V of the First Amended Complaint, that Defendants be awarded their costs and expenses incurred herein, including their attorneys' fees, and that the Court award Defendants such other and further relief as the Court deems just and proper.

   106.   The Chiefs deny any averments contained in the First Amended Complaint not expressly admitted herein.

### AFFIRMATIVE DEFENSES

   107.   AS AND FOR A FIRST AFFIRMATIVE DEFENSE, Defendants state that the First Amended Complaint fails to sufficiently constitute a cause of action against Defendants or fails to state facts upon which a claim can be based.

   108.   AS AND FOR A SECOND AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff's claims are barred by the doctrine of fair use.

   109.   AS AND FOR A THIRD AND SEPARATE AFFIRMATIVE DEFENSE, the use of Plaintiff's photographs is lawful use based on agreements between the Plaintiff and the Chiefs, including an agreement permitting the use of photographs.

   110.   AS AND FOR A FOURTH AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff consented to the use of the photographs under agreements between the Plaintiff and the Chiefs, including an agreement permitting use of the photographs.

111.     AS AND FOR A FIFTH AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff authorized, impliedly or explicitly, the use of the photographs, and his claims are therefore barred by the doctrine of implied license.

112.     AS AND FOR A SIXTH AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff's claims are barred by the doctrine of laches.

113.     AS AND FOR A SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff's claims are barred by estoppel.

114.     AS AND FOR AN EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff's claims are barred by waiver.

115.     AS AND FOR A NINTH AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff's claims are barred by the doctrine of unclean hands.

116.     AS AND FOR A TENTH AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff's claims are barred by the defense of acquiescence.

117.     AS AND FOR AN ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE, certain damages alleged by the Plaintiff are barred because of the alleged compilation registrations.

118.     AS AND FOR A TWELFTH AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff's alleged copyrights are invalid and/or unenforceable.

119.     AS AND FOR AN THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff's claims are barred to the extent he has forfeited or abandoned the claimed intellectual property.

120.    AS AND FOR A FOURTEENTH AND SEPARATE AFFIRMATIVE

DEFENSE, Plaintiff's claims are barred by Plaintiff's failure to provide sufficient notice of his

claims, including a copyright notice on the allegedly infringed works.

121.    AS AND FOR A FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE,

Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was in good faith

and with non-willful intent, at all times.

122.    AS AND FOR A SIXTEENTH AND SEPARATE AFFIRMATIVE DEFENSE,

Plaintiff's claims are barred under 17 U.S.C. §109 and the doctrine of exhaustion.

123.    AS AND FOR A SEVENTEENTH AND SEPARATE AFFIRMATIVE

DEFENSE, Plaintiff's claims are barred because the alleged infringement was not caused by a

volitional act attributable to Defendants.

124.    AS AND FOR A EIGHTEENTH AND SEPARATE AFFIRMATIVE DEFENSE,

Plaintiff's claims are barred because statutory damages sought are unconstitutionally excessive

and disproportionate to any actual damages that may have been sustained in violation of the Due

Process clause.

125.    AS AND FOR A NINETEENTH AND SEPARATE AFFIRMATIVE DEFENSE,

Plaintiff's claims are barred by the doctrine of preemption.

126.    AS AND FOR AN TWENTIETH AND SEPARATE AFFIRMATIVE

DEFENSE, one or more of Plaintiff's claims for statutory damages and attorneys' fees under 17

U.S.C. §504 are barred because some, if not all, of Plaintiff's copyright registrations were not

made within three months after the first publication of the allegedly infringed works, as required

by 17 U.S.C. §412.

127. AS AND FOR A TWENTY-FIRST AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

128. AS AND FOR A TWENTY-SECOND AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff is not entitled to any relief related to any works that are not the subject of an existing copyright registration issued by the United States Copyright Office.

129. AS AND FOR A TWENTY-THIRD AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff is not entitled to statutory damages or attorneys' fees related to any work(s) of which the alleged infringement occurred prior to the registration of the copyright of said work(s) before the United States Copyright Office.

130. AS AND FOR A TWENTY-FOURTH AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff's alleged copyright ownership is invalid and unenforceable because of misrepresentation of material facts by Plaintiff in applying for registration of its alleged copyrights, in violation of its certification to the Copyright Office that all statements in the application are correct.

131. AS AND FOR A TWENTY-FIFTH AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff does not own or have a valid copyright in any material, works, or elements of work at issue in this action as such works, material, or elements are not original, and/or contain or constitute subject matter, concepts and/or ideas which are no subject to copyright.

132. Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case.

Respectfully submitted,

SEIGFREID, BINGHAM, LEVY,
      SELZER & GEE, P.C.

By: /s/ Gregory S. Gerstner_____
      Gregory S. Gerstner, MO #35926
      Rachel H. Baker, MO #42200
      911 Main Street, Suite 2800
      Kansas City, Missouri 64105
      ggerstner@sblsg.com
      rbaker@sblsg.com
      816-421-4460
      Fax: 816-474-3447

ATTORNEYS FOR DEFENDANTS
KANSAS CITY CHIEFS FOOTBALL
CLUB, INC., HY-VEE, INC., SPRINT
COMMUNICATIONS COMPANY, LP.,
AND TIME WARNER ENTERTAINMENT-
ADVANCE/NEWHOUSE PARTNERSHIP,
TIME WARNER ENTERTAINMENT
COMPANY, L.P., TIME WARNER NY CABLE
LLC, ADVANCE/NEWHOUSE PARTNERSHIP;
NEWHOUSE CABLE HOLDINGS, LLC, and
ADVANCE COMMUNICATIONS COMPANY
LLC

## CERTIFICATE OF SERVICE

I hereby certify that, on the 13th day of June, 2011, a copy of the foregoing was filed electronically and was served on all parties of interest receiving electronic notices in the above-captioned proceedings through the Court's CM/ECF System. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including:

Bradley Wilders
Patrick J. Stueve
Stueve Siegel Hanson, LLP
Suite 200
460 Nichols Road
Kansas City, MO 64112
816-714-7126
Fax: 816-714-7101
wilders@stuevesiegel.com
stueve@stuevesiegel.com

James J. Kernell
Kent Richard Erickson
Erickson, Kernell, Derusseau & Kleypas, LLC
Suite 401
800 West 47th Street
Kansas City, MO 64112
816-753-6777
Fax: 816-753-6888
jjk@kcpatentlaw.com
kre@kcpatentlaw.com
*Attorneys for Plaintiff*

Nick Ackerman
Troppito + Miller
105 East 5th St., Suite 500
Kansas City, MO 64106
816-221-6006
Fax: 816-221-6446
nla@troppitomiller.com

Arthur K. Shaffer
Intellectual Property Center, LLC
7101 College Boulevard , Suite 1520
Overland Park, KS 66210
816-363-1555
Fax: 816-363-1201
ashaffer@theipcenter.com
*Attorneys for Defendant Workshop Design, L.L.C.*

Robert O. Lesley #32458
Brian W. Fields #45704
Lathrop & Gage LLP
2345 Grand Blvd., Ste. 2200
Kansas City, MO 64108-2618
Direct: (816) 460-5310
Main: (816) 292-2000
Fax: (816) 292-2001
bfields@lathropgage.com
rlesley@lathropgage.com
*Attorneys for Populous, Inc.*

/s/ Gregory S. Gerstner
Attorneys for Defendants
Kansas City Chiefs Football
Club, Inc., Hy-Vee, Inc., Sprint Communications
Company, LP., and Time Warner Entertainment-
Advance/Newhouse Partnership, Time Warner
Entertainment Company, L.P., Time Warner NY
Cable LLC, Advance/Newhouse Partnership;
Newhouse Cable Holdings, LLC, Advance
Communications Company LLC